UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DE MIN GU,<br><br>               Plaintiff,<br><br>-against-<br><br>U.S. DEPARTMENT OF EDUCATION,<br>MOHELA,<br><br>               Defendant. | 23-CV-6142 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff De Min Gu, of Flushing, Queens County, New York, brings this *pro se* action against "U.S. Department of Education, MOHELA," seeking injunctive relief with respect to Defendant's alleged failure to process and grant her request for public-service loan forgiveness.[1] The Court construes Plaintiff's complaint as seeking *mandamus* relief, under 28 U.S.C. § 1361, and additional or alternative relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 703. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

      Under 28 U.S.C. § 1391, claims for *mandamus* relief and APA relief can be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue

---

[1] By order dated July 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (ECF No. 4.)

and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff, who resides in Queens County, does not sue any individuals, and alleges that the events that are the basis for her claims occurred at Defendant's office located in Chesterfield, St. Louis County, Missouri, (ECF No. 1 at 4-5), which is located in the Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. §105(a)(1). Queens County, where Plaintiff resides, is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff's claims do not involve any real property, and she does not allege that any of the events or omissions giving rise to her claims occurred in this judicial district. Thus, while Plaintiff has alleged no facts showing that this court is a proper venue for this action, she has shown that the United States District Courts for the Eastern District of New York and for the Eastern District of Missouri are proper venues for this action.[2] *See* §§ 1391(e)(1)(A), (C).

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, because this court is not a proper venue for this action, and as Plaintiff resides in the Eastern District of New York, in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York. *See id.*

---

[2] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 13. 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                          Chief United States District Judge